# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF STEPHEN E. CRAWLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KINGS COUNTY, et al., <br><br> Defendant. | Case No. 1:13-cv-02042-LJO-SAB <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL <br><br> ECF NO. 37 |

On April 8, 2015, Plaintiffs The Estate of Stephen E. Crawley, Norma Crawley, and Jonny Crawley ("Plaintiffs") filed a motion to compel. (ECF No. 37.) Plaintiffs seek to compel responses to certain deposition questions and the production of documents from third party witness Michael Kendall, a police officer with the Lemoore Police Department. Michael Kendall, the City of Lemoore, and the Lemoore Police Department filed an opposition on May 1, 2015.

The hearing on the motion took place on May 6, 2015. William Schmidt appeared on behalf of Plaintiffs. Roy Santos appeared on behalf of Mr. Kendall. James Arendt appeared on behalf of Defendants.

For the reasons set forth below, Plaintiffs' motion to compel is granted.

///

# I.

# BACKGROUND

### A. Plaintiff's Complaint

The operative complaint in this action is the Second Amended Complaint filed on July 17, 2014. (ECF No. 30.) Plaintiffs' claims arise from an incident which occurred on November 17, 2012 when Stephen E. Crawley ("Stephen") was fatally shot by law enforcement officers. The Second Amended Complaint names Kings County, Kings County Sheriff's Department, Shawn McRae, and Marius Barsteceanu as defendants ("Defendants"). Plaintiff Norma Crawley ("Norma") is the surviving mother of Stephen E. Crawley. Plaintiff Johnny Crawley ("Johnny") is the surviving brother of Stephen E. Crawley. Defendant Shawn McRae was a sergeant and Defendant Marius Barsteceanu was a senior deputy for the King's County Sheriff's Department.

Plaintiffs allege that on the morning of November 17, 2012, Stephen and Johnny were staying at Norma's residence in Hanford, California. That morning, Norma left for the grocery store. While watching television, Johnny noticed that Stephen was acting odd, pacing and muttering to himself. Johnny ignored Stephen initially and Stephen's behavior became increasingly more erratic. Stephen began muttering "you're gonna lose, you're gonna ... I'm gonna come, come after you" and began hitting the floor with a golf club outside Johnny's bedroom.

Sometime later, Jonny left the residence, leaving Stephen inside. Johnny rode his bike to a ministry down the road and had them call 911 to report Stephen's behavior. Several officers arrived later, including Defendant McRae and Defendant Barsteceanu. Johnny told one officer, Deputy Alvarez, that Stephen would come after them if the officers open the door, so they should not open the door. Defendant Barsteceanu later kicked in the door of the house and shot Stephen, causing his death.

Plaintiffs allege that the use of deadly force was excessive and unreasonable. In addition to claims for constitutional violations under 42 U.S.C. § 1983, Plaintiffs raise state law claims for battery, negligence/wrongful death, negligent infliction of emotional distress, and violation of California's Bane Act (California Civil Code § 52.1).

**B.     Deposition of Michael Kendall**

On or around October 13, 2014, Plaintiffs served a subpoena and document production request on third party witness Michael Kendall, an officer with the Lemoore Police Department. An amended deposition notice was sent on or around November 16, 2014 due to scheduling issues between the parties.

On or around November 20, 2014, Janell Van Bindsbergen, counsel for the City of Lemoore, the Lemoore Police Department, and Mr. Kendall, sent a letter identifying issues pertaining to several document production requests. Mr. Kendall claimed that several documents were protected by the official information privilege. Plaintiffs sent a response on or around November 24, 2014.

Due to further scheduling difficulties, and another amended deposition notice and subpoena was sent on January 14, 2015, scheduling the deposition for March 2, 2015. In a telephone conversation on January 14, 2015, the parties agreed that witness fees could be tendered at the time of the deposition.

The deposition took place on March 2, 2015. Mr. Kendall contends that witness fees were never tendered. However, the Joint Statement reveals that Plaintiffs' counsel provided Roy Santos, an attorney from Ms. Van Bindsbergen's office, with a check for $275.00 for the witness fee. The check was made payable to Mr. Kendall, not the City of Lemoore. Mr. Kendall returned the check and requested a new check made payable to the City of Lemoore. Plaintiffs' counsel then provided a $40 check. Mr. Kendall claims that $275.00 is required pursuant to California Government Code § 68096.1 and the $40 check did not include Mr. Kendall's mileage.

At one point in the deposition, Plaintiffs' counsel inquired about any statement Mr. Kendall provided to the Lemoore Police Department regarding the incident giving rise to this action, reports regarding the incident, and any subsequent training Mr. Kendall received in light of the incident. Mr. Santos objected to those questions and instructed Mr. Kendall not to answer.

/ / /

/ / /

1    Plaintiffs' counsel also inquired about Mr. Kendall's failure to produce any documents
2  responsive to the subpoena.[1]  Mr. Santos produced a letter objecting to each and every request.
3  The letter also claims that Mr. Kendall does not have any responsive documents in his
4  possession, custody, or control.  During the deposition, Mr. Kendall confirmed that he provided a
5  statement to the Lemoore Police Department.  Moreover, a Freedom of Information Act request
6  yielded several policies and procedures responsive to the subpoena.

7    On or around March 26, 2015, Plaintiffs' counsel contacted Ms. Van Bindsbergen's
8  office regarding the need for the present motion to compel.  Plaintiffs' counsel offered to conduct
9  the deposition via written questions.  Ms. Van Bindsbergen told Plaintiffs that Mr. Kendall
10 would submit to a further deposition if Plaintiffs agreed to waive any claims against the City of
11 Lemoore, the Lemoore Police Department and Mr. Kendall regarding the incident at issue in this
12 action.  Ms. Van Bindsbergen also asked that the deposition be limited to issues regarding the
13 use of Mr. Kendall's K-9 partner.

14   Plaintiffs contend that Ms. Van Bindsbergen told Plaintiffs' counsel that she would
15 discuss the issue with her client and respond by April 1 before she went on vacation.  At the
16 hearing, Mr. Santos did not deny that they had told Plaintiffs' counsel that their office would
17 respond by April 1, but explained that Ms. Van Bindsbergen could not reach their clients in time.
18 Ms. Van Bindsbergen further claims that Plaintiffs' counsel attempted to contact her on April 2,
19 when he should have known she was on vacation[2], and filed the motion to compel before giving
20 her a chance to further meet and confer.

21    **C.    Joint Statement re Discovery Disagreement**

22   Pursuant to the parties' stipulation and Local Rule 251, a Joint Statement re Discovery
23 Disagreement was to be filed by the parties on April 29, 2015.  No Joint Statement was filed.
24 Instead, on April 29, 2015, Plaintiffs' counsel, pursuant to Local Rule 251(d), filed a declaration
25 detailing his efforts to meet and confer with Ms. Van Bindsbergen and prepare a Joint Statement.

---

[1] Mr. Kendall claims that they sent their response to Plaintiffs' counsel prior to the deposition, but Plaintiffs claim they never received it.

[2] April 2 and 3 were Thursday and Friday respectively.  It is unclear whether Ms. Van Bindsbergen was on vacation through the weekend (April 4 and 5) as well.

1       On April 8, 2015, Plaintiffs' counsel contacted Ms. Van Bindsbergen regarding the
2 discovery dispute. Ms. Van Bindsbergen informed Plaintiffs' counsel that Mr. Kendall may be
3 amenable to a continued deposition.

4       On April 15, 2015, Plaintiffs' sent a draft Joint Statement to Ms. Van Bindsbergen and
5 Mr. Santos. On April 17, 2015, Mr. Santos e-mailed Plaintiffs' counsel regarding a proposed
6 informational conference with the Court regarding the motion to compel. Mr. Santos informed
7 Plaintiffs that it is their position that none of the documents requested are in Mr. Kendall's
8 possession, custody, or control but rather are in the possession, custody, or control of the City of
9 Lemoore. Ms. Santos stated that they were amenable to a continued deposition of Mr. Kendall
10 that would be limited to testimony regarding the use of his K-9 partner.

11      On April 20, 2015, Mr. Santos requested copies of the exhibits and attachments
12 referenced in the Joint Statement, which Plaintiffs' provided the same day. Plaintiffs reiterated
13 that they are seeking a full continued deposition without limitations proposed by Ms. Van
14 Bindsbergen and Mr. Santos. Plaintiffs also sought legal authority for Mr. Santos' position that
15 he was entitled to more than the witness fee provided under 28 U.S.C. § 1821.

16      On April 21, 2015, Plaintiffs' counsel and Ms. Van Bindsbergen met and conferred over
17 the telephone. Ms. Van Bindsbergen requested an extension of time to consult with her clients
18 regarding the discovery issues and the parties executed a joint stipulation submitted to the Court
19 to continue the hearing date on the motion to compel.

20      On April 22, 2015, Ms. Van Bindsbergen informed Plaintiffs' counsel that they were not
21 interested in Plaintiffs' offers and would submit her edits to the Joint Statement the following
22 week.

23      On April 29, 2015, Mr. Santos sent their revisions to the Joint Statement to Plaintiffs in
24 PDF form. The revised version of the Joint Statement deleted the portion of the Joint Statement
25 setting forth Plaintiff's contentions regarding the individual deposition questions. In his
26 opposition, Mr. Kendall argues that this section was deleted because Plaintiffs had not met and
27 conferred with Mr. Kendall's attorneys regarding these deposition questions. Plaintiffs' counsel
28 requested a copy of the Joint Statement which could be edited, since the copy provided was in

PDF. At 4:30 p.m. on April 29, 2015, Mr. Santos refused to supply an editable copy of the document and instead demanded that Plaintiffs' counsel submit any changes to the Joint Statement to him. At 5:23 p.m., Plaintiffs' counsel informed Ms. Van Bindsbergen and Mr. Santos of his intention to file a declaration under Local Rule 251(d) in lieu of the Joint Statement.

## II.

## LEGAL STANDARDS FOR MOTIONS TO COMPEL

Depositions are governed by Federal Rule of Civil Procedure 30, which states, in pertinent part:

> **(a) When a Deposition May Be Taken.**
> **(1)** *Without Leave***.** A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

Further, Federal Rule of Civil Procedure 30(b)(2) states that a subpoena for a deposition may designate materials to be produced at the deposition.

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1)** *In General***.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

If the motion to compel is granted, the court must, after giving an opportunity to be heard, require the deponent whose conduct necessitated the motion to pay the movant's reasonable expenses including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). On the other hand, if the motion to compel is denied, the Court must, after giving an opportunity to be heard, require the movant to pay the reasonable expenses incurred in opposing the motion. Fed. R. Civ. P. 37(a)(5)(B). If the motion to compel is granted in part and denied in part, the Court may apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

/ / /

# III.

# DISCUSSION

## A. Failure to File Joint Statement

As an initial matter, the Court notes that the parties failed to prepare and file a Joint Statement concerning the motion to compel. Local Rule 251 requires that the parties submit a Joint Statement at least seven days before the scheduled hearing on the motion to compel.

The Court rejects Mr. Kendall's argument that Plaintiffs failed to sufficiently meet and confer prior to filing the motion to compel. The facts agreed upon by both sides show that, after the March 26, 2015 the ball was in Ms. Van Bindsbergen's court to contact her clients and get back to Plaintiffs' counsel regarding the proposed deposition. Ms. Van Bindsbergen attempts to shift blame on Plaintiffs' counsel for attempting to call her on April 2 when she was on vacation.

This argument is unconvincing. First, there is no indication that Mr. Santos was unavailable on April 2 or April 3. Secondly, Mr. Kendall's attorneys do not deny that they had told Plaintiffs' that they would respond by April 1 <u>before Ms. Van Bindsbergen went on vacation</u>. The ball was in their court and they blew the deadline for responding to Plaintiffs. Incredulously, instead of making the courteous and common-sense effort to update Plaintiffs' regarding their efforts to reach their clients before the April 1 deadline, Ms. Van Bindsbergen and Mr. Santos simply blew the deadline and left Plaintiffs in the dark.

Ms. Van Bindsbergen and Mr. Santos' lack of courtesy and common-sense was further demonstrated by the fact that they did not even respond to Plaintiffs after Ms. Van Bindsbergen returned from vacation. There was no excuse for Ms. Van Bindsbergen to sit on the issue with no response for two days after she returned to the office on April 6. Ms. Van Bindsbergen should have known as early as April 6 that Plaintiffs' counsel had attempted to contact her office regarding the imminent motion to compel. Instead of heading off the issue by responding in a timely manner, neither Ms. Van Bindsbergen nor Mr. Santos made any attempt to contact Plaintiffs' counsel. The next contact between the parties came on April 8, when Plaintiffs' counsel reached out to Ms. Van Bindsbergen regarding service of the motion to compel that had already been filed. The Court is not at all alarmed or surprised by Plaintiffs' filing their motion

to compel given that Mr. Kendall's attorneys left Plaintiffs in the dark for seven days after their deadline to respond to Plaintiffs and after Plaintiffs had attempted to call Mr. Kendall's attorneys.

The Court is particularly troubled with Ms. Van Bindsbergen's actions and Mr. Santos' actions regarding the Joint Statement. The facts show that Plaintiffs' counsel provided Ms. Van Bindsbergen's office with a draft Joint Statement on April 15, 2015. Ms. Van Bindsbergen and Mr. Santos did not provide Plaintiffs' counsel with their revisions until the day the Joint Statement was due, on April 29, 2015 after 1:00 p.m. Counsel for Mr. Kendall also provided their revisions in a non-editable, PDF form.

This in and of itself constitutes bad faith in the eyes of the Court. For reasons beyond the Court's understanding, Mr. Kendall's counsel treated the Joint Statement as a creature of their sole control and creation, and demanded Plaintiffs' counsel to submit his proposed changes to Mr. Kendall so Ms. Van Bindsbergen's office could decide whether the changes were warranted. The Joint Statement is meant to be a collaborative product between both sides, not simply two separate briefs stapled to each other. The intent of the Local Rule is for the parties to meet and confer and collaborate on drafting a document which sets forth the facts and legal issues which are agreed upon the parties and which facts and legal issues are disputed. If the Court simply wanted the two parties to file opposing briefs, there would be no Joint Statement requirement and the Court would set a regular briefing schedule.

Mr. Kendall's bad faith is most acutely demonstrated by the unilateral revisions made by Ms. Van Bindsbergen's office. Egregiously, the revisions provided by Mr. Kendall's counsel to Plaintiffs' counsel deleted Plaintiffs' entire section of the Joint Statement pertaining to certain proposed deposition questions. In his opposition, Mr. Kendall argues that this section was deleted because Plaintiffs failed to meet and confer on this subject.

Mr. Kendall's argument has no merit. The parties had clearly met and conferred regarding the need for a further deposition. The parties had also met and conferred regarding the possibility of doing the deposition by written questions. Accordingly, the Court rejects any suggestion that the proposed deposition questions should have been deleted from the Joint

1  Statement due to a failure to meet and confer.

2  Furthermore, whatever merit this argument may have, deleting the issue from the draft
3  Joint Statement, on the afternoon the Joint Statement was due, and when the revision was
4  provided to Plaintiffs' counsel in an un-editable, PDF form, constituted bad faith and the Court
5  will not tolerate such tactics in this courtroom. Instead of deleting this section in its entirety, Mr.
6  Kendall's counsel should have left Plaintiffs' counsel's arguments in place and appended their
7  own arguments to the Joint Statement regarding Plaintiffs' supposed failure to meet and confer.

8  It is bewildering to the Court that Mr. Kendall's counsel believed that the Joint Statement
9  should simply be a product of both sides appending their arguments side-by-side to a single
10 document, while also believing that they had the right to completely delete arguments presented
11 by Plaintiffs' counsel, then belatedly send it to Plaintiffs in the hopes that it would be filed as-is.

12 Based upon the foregoing, the Court finds that Mr. Kendall and his counsel did not
13 participate in the drafting of a Joint Statement in good faith. Accordingly, their conduct violated
14 Local Rule 251 and the Court will issue sanctions accordingly, which will be set forth in more
15 detail below. See discussion, infra, Part III.E.

16 **B.     Witness Fee**

17 The parties dispute the witness fees for Mr. Kendall's deposition. The Court notes that
18 Plaintiffs' attorney and Mr. Kendall's attorney reached an agreement whereby witness fees could
19 be paid at the time of the deposition rather than at the time the subpoena was served.
20 Accordingly, the Court finds that Mr. Kendall has waived any objection that the witness fee
21 should have been paid at the time the subpoena was served.

22 The Court also notes that Plaintiffs' attorney did, in fact, attempt to pay the $275.00
23 witness fee and the time of the deposition, but Mr. Kendall's attorneys refused the tender
24 because the check was written in Mr. Kendall's name rather than the City of Lemoore.
25 Presumably, Mr. Kendall's attorneys relied upon California Government Code § 68096.1(b),
26 which states that the $275.00 witness fee should be tendered to the local agency rather than the
27 witness. For the reasons stated below, the Court finds that Section 68096.1 does not apply in this
28 federal action.

Mr. Kendall contends that $275.00 is warranted for his deposition pursuant to California Government Code § 68096.1. Section 68096.1 states:

> (a) Any employee of a local agency who is obliged by a subpoena to attend a civil action or proceeding as a witness in litigation in a matter regarding an event or transaction that he or she perceived or investigated in the course of his or her duties, to which that local agency is not a party, shall receive the salary or other compensation to which he or she is normally entitled from that local agency during the time that he or she prepares for his or her response and appearance, during the time that he or she travels to and from the place where the court or other tribunal is located and while he or she is required to remain at that place pursuant to the subpoena. He or she shall also receive from that local agency the actual necessary and reasonable traveling expenses he or she incurred in complying with the subpoena.
>
> (b) The party at whose request the subpoena is issued shall reimburse the local agency for the full cost incurred by the local agency in paying the employee his or her salary or other compensation and traveling expenses as provided for in this section, for each day that the employee is required to remain in attendance pursuant to the subpoena. The amount of two hundred seventy-five dollars ($275), together with the subpoena, shall be tendered to that local agency for each day that the employee is required to remain in attendance pursuant to the subpoena.
>
> (c) If the actual expenses should later prove to be less than the amount tendered, the excess of the amount tendered shall be refunded.
>
> (d) If the actual expenses should later prove to be more than the amount tendered, the difference shall be paid to the local agency by the party at whose request the subpoena was issued.

However, federal rules differ from California regarding reimbursement of witness fees. Under federal law, reimbursement of witness fees is governed by 28 U.S.C. § 1821, which states, in pertinent part:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
> ...
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
> ...

> (c) ...
> (2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

Federal law controls the procedural aspects of this litigation. Hanna v. Plumer, 380 U.S. 460, 473 (1965). The reimbursement of witness fees is a procedural issue, and therefore federal law controls. See Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1167 (9th Cir. 1995) (federal law controls over conflict law with respect to reimbursement of expert witness fees). Mr. Kendall points to the language in 28 U.S.C. § 1821 that states "[e]xcept as otherwise provided by law," the fees paid to a witness shall be set by Section 1821. This language cannot be reasonably interpreted to incorporate provisions of California procedural law, which is inapplicable in this Court.[3]

Accordingly, the Court finds that California Government Code § 68096.1 is inapplicable in this action with the respect to the issue of the proper calculation of witness fees for Mr. Kendall's deposition. Witness fees shall be calculated and paid pursuant to 28 U.S.C. § 1821. Since Plaintiffs' counsel attempted to tender witness fees under 28 U.S.C. § 1821 and Mr. Kendall's counsel rejected the tender under the false belief that fees should be calculated under California law, the Court finds that any defect related to the witness fees was the fault of Mr. Kendall's counsel.

**C.     Requests for Production**

1.     Possession, Custody, or Control

The predominant dispute with respect to the requests for production concerns whether or not Mr. Kendall actually has possession, custody, and control of the documents requested by Plaintiffs. Rule 34 requires a person responding to a request for production to produce all items in that person's "possession, custody, or control." Fed. R. Civ. P. 34(a).

"'The phrase "possession, custody or control" is in the disjunctive and only one of the

---

[3] If such argument were carried to its logical cosnlsuison

11

numerated requirements need be met.'" Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (Cumis Ins. Society, Inc. v. South-Coast Bank, 610 F. Supp. 193, 196 (N.D. Ind. 1985)). "The term 'control' includes the 'legal right of the producing party to obtain documents from other sources upon demand.'" Id. (quoting Biben v. Card, 119 F.R.D. 421, 425 (W.D. Mo. 1987)).

Mr. Kendall's claim of lack of possession, custody, and control are a common cat-and-mouse game played by responding parties seeking to withhold relevant documents in discovery. The Court has zero tolerance for such "hide and go seek" games during discovery as they are unnecessarily wasteful and only serve to stonewall and cause delayed responses to otherwise valid discovery requests. See Zackery v. Stockton Police Dep't, No. CIV S-05-2315 MCE DAD P, 2007 WL 1655634 (E.D. Cal. Jun. 7, 2007) (ordering individual police officers to produce responsive documents where separate subpoena directed at police department "would unnecessarily consume even more time in dealing with this relatively routine request for discovery."). The Court admonishes Mr. Kendall's counsel for wasting public resources playing unproductive and wasteful games before this Court.

From the parties' submissions, it is clear that responsive documents exist as Plaintiffs identified several specific documents, the existence of which Mr. Kendall does not dispute. Aside from Mr. Kendall's boilerplate objections, Mr. Kendall makes no effort to explain why he does not have "possession, custody, or control" over these documents, which Mr. Kendall clearly has some degree of access to, such as reports authored by Mr. Kendall and policies and procedures which were distributed to Mr. Kendall. Mr. Kendall fails to cite any statute or regulation which limits his control over these documents. Mr. Kendall fails to cite any departmental policy which forbids his disclosure of these documents during discovery.

Furthermore, Mr. Kendall's attorneys also represent the City of Lemoore and the Lemoore Police Department. For all practical purposes, "possession, custody, or control" over the responsive documents exists but for the stonewalling by Mr. Kendall's attorneys. These types of issues are precisely the kind of disputes that could and should be resolved by a good faith conference between the parties without the need to resort to the Court's intervention. Mr.

1 Kendall's demonstrated lack of good faith prevented any reasonable resolution.

2 The Court is not convinced of Mr. Kendall's claims of lack of possession, custody, and control. Mr. Kendall's briefing alludes to the fact that he has "access" to these documents, yet argues that "access" does not equate to "possession, custody, or control." Mr. Kendall offers no statute, regulation, or rule of employment supporting this claim. Accordingly, the Court rejects Mr. Kendall's objections based upon lack of "possession, custody, or control" and Mr. Kendall will be ordered to produce the responsive documents.

Furthermore, to the extent that the City of Lemoore and the Lemoore Police Department continue to insist that the Court lacks jurisdiction to order them to produce documents responsive to Plaintiffs' discovery request, the Court offers this solution. As part of the sanctions against Mr. Kendall for failing to meet and confer in good faith and participate in the preparation of a Joint Statement, the Court will order Mr. Kendall to reimburse Plaintiffs' counsel for any costs, including attorneys' fees, associated with preparing and serving a subpoena on the City of Lemoore and the Lemoore Police Department requesting the same documents at issue in this motion. Alternatively, the City of Lemoore and Lemoore Police Department may inform Plaintiffs that they will voluntarily produce the same documents without having to waste time and resources going through the formalities of preparing a separate subpoena.

2. <u>Remaining Objections</u>

Although Plaintiffs' portion of the Joint Statement addresses several objections identified by Mr. Kendall in his boilerplate response to Plaintiffs' discovery requests, Mr. Kendall's portion of the draft Joint Statement failed to elaborate on any of these objections. Furthermore, Mr. Kendall's opposition fails to elaborate on these objections. Mr. Kendall makes no effort to identify any applicable privileges or produce a privilege log with sufficient information for Plaintiffs or the Court to evaluate any claims of privilege. Mr. Kendall's portion of the draft Joint Statement and his opposition stands solely on Mr. Kendall's argument that Plaintiffs' failed to tender the proper witness fee and Mr. Kendall lacks possession, custody, or control over any responsive documents. As the Court has rejected these arguments, the Court considers any other arguments waived since they were not set forth in the draft Joint Statement.

**D.     Deposition Questions**

In Plaintiffs' draft Joint Statement sent to Mr. Kendall's attorney on April 15, 2015, Plaintiffs set forth several questions which they contend the Court should compel Mr. Kendall to answer during a deposition. These questions are related to questions which were asked of Mr. Kendall during the deposition, but Mr. Kendall was instructed not to answer by his attorneys.

Gallingly, Mr. Kendall's deleted this entire section of the Joint Statement in their revisions to the draft Joint Statement sent to Plaintiffs on April 29, 2015. As discussed in more detail above, the Court finds that the actions of Mr. Kendall's attorneys demonstrate bad faith, as they substantially changed the content of the Joint Report on the day it was due, without giving Plaintiffs a reasonable opportunity to reply. Mr. Kendall's attorneys attempted to censor portions of the Joint Report by deleting issues that were clearly in dispute.

Since Mr. Kendall's attorney failed to provide substantive responses to Plaintiffs' contentions regarding these deposition questions, the Court finds that Mr. Kendall has waived any objections or privileges with respect to these questions. The Court will order Mr. Kendall to provide full responses to these questions, without objection.

**E.     Sanctions**

Under Federal Rule of Civil Procedure 37(a)(5)(A), the Court must require the deponent whose conduct necessitated the motion to compel to pay the movant's reasonable expenses, including attorney's fees. The Court will so order Mr. Kendall and his counsel to pay these reasonable expenses. The Court will order Plaintiffs to file evidence regarding their reasonable expenses within fourteen (14) days of the date of service of this order. Any objections from Mr. Kendall regarding the reasonableness of these expenses shall be filed within seven (7) days after Plaintiffs' filing.

As a separate basis for sanctions, the Court finds that Mr. Kendall and his attorneys violated Local Rule 251 by failing to collaborate in the preparation of a Joint Statement in good faith. The Court finds that the actions of Mr. Kendall's attorneys constituted bad faith, including but not limited to their belated revisions to the Joint Statement provided to Plaintiffs on the afternoon the Joint Statement was due, the fact that they provided their revisions in PDF format

and demanded that any further revisions from Plaintiffs be provided to Mr. Kendall's attorneys, and the fact that Mr. Kendall's attorneys unilaterally deleted portions of the Joint Statement drafted by Plaintiffs instead of setting forth their arguments in a separate section.

The Court further finds that Mr. Kendall and his attorneys failed to meet and confer in good faith, by demanding that Plaintiffs' waive any claims against Mr. Kendall, the City of Lemoore, and the Lemoore Police Department as part of the negotiations in the discovery dispute. Mr. Kendall's obligation to duly respond to discovery requests is not continent upon a waiver of claims against him. The discovery dispute was further exacerbated by Mr. Kendall's wrongful demand that his witness fees be calculated under California law rather than Federal law, which should have been clear to Mr. Kendall's attorney when Plaintiffs' counsel asked for Mr. Kendall's legal authority for such.

Accordingly, as a sanction, the Court will order Mr. Kendall and his attorneys to pay Plaintiffs for any costs and expenses, including attorneys' fees, associated with the preparation of a separate subpoena directed toward the City of Lemoore and the Lemoore Police Department to produce the same documents Plaintiffs' requested from Mr. Kendall. Alternatively, Mr. Kendall and his attorneys may inform Plaintiffs, within seven (7) days of the date of this order, that they intend to produce such documents without going through the formalities of preparing and serving a separate subpoena.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court grants Plaintiffs' motion to compel. Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs' motion to compel is GRANTED;
2. Michael Kendall shall produce documents responsive to Plaintiffs' request for production in accordance with this order;
3. Michael Kendall shall provide written responses to Plaintiffs' deposition questions, without objections;
4. Plaintiffs' shall pay the witness fee to Michael Kendall as calculated pursuant to

28 U.S.C. § 1821;

5. Michael Kendall shall reimburse Plaintiffs' for the costs and expenses, including attorneys' fees, associated with bringing the motion to compel. Plaintiffs' shall file evidence of their costs and expenses within fourteen (14) days of the date of this order. Michael Kendall's objections to the reasonableness of those costs and expenses, if any, shall be filed within seven (7) days after Plaintiffs' file their evidence;

6. Michael Kendall and his attorneys are sanctioned for their failure to comply with Local Rule 251. Michael Kendall and his attorneys shall reimburse Plaintiffs' for any costs and expenses, including attorneys' fees, for preparing and serving a subpoena demanding the production of documents from the City of Lemoore and the Lemoore Police Department. Alternatively, Michael Kendall and his attorneys may inform Plaintiffs that they will produce such documents voluntarily without need of a subpoena within seven (7) days of the date of this order.

IT IS SO ORDERED.

Dated: **May 6, 2015**

UNITED STATES MAGISTRATE JUDGE