1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

EASTERN DISTRICT OF CALIFORNIA

7
8

9  ESTATE OF STEPHEN E. CRAWLEY,
   NORMA CRAWLEY AND JOHNNY
   CRAWLEY, INDIVIDUALLY AND AS
10 PERSONAL REPRESENTATIVES OF
   THE ESTATE OF STEPHEN E.
11 CRAWLEY,

12                    Plaintiffs,

13          v.

14 DAVE ROBINSON, IN HIS INDIVIDUAL
   AND OFFICIAL CAPACITY AS KINGS
15 COUNTY SHERIFF; SHAWN MCRAE,
   INDIVIDUALLY AND IN HIS
16 CAPACITY AS SERGEANT FOR KINGS
   COUNTY SHERIFF; MARIUS
17 BARSTECEANU, INDIVIDUALLY AND
   IN HIS CAPACITY AS SENIOR DEPUTY
18 FOR KINGS COUNTY SHERIFF,

19                    Defendants.

Case No. 1:13-CV-02042-LJO-SAB


ORDER DENYING MOVANTS' MOTION
FOR RECONSIDERATION.

(Docs. 56, 58)

20
21
22          On May 6, 2015, the Magistrate Judge rendered his Order (Doc. 51), granting Plaintiff's

23 motion to compel and ordering sanctions against Defense counsel. Before the Court in the above-

24 styled and numbered cause of action is the City of Lemoore and Lemoore Police Department's

25 Motion for Reconsideration by the District Court of the Magistrate Judge's Ruling, filed May 20,

26 2015 (Docs. 56 & 58). The matter is appropriate for resolution without oral argument. *See* Local

27 Rule 230(g). Having carefully considered the record in this case, the parties' briefing, and the

28 relevant case law, the Court will deny the motion.

## I.    BACKGROUND

On April 8, 2015, Plaintiffs The Estate of Stephen E. Crawley, Norma Crawley, and Jonny Crawley ("Plaintiffs") filed a motion to compel (Doc. 37), seeking to compel responses to certain deposition questions and the production of documents from third party witness Michael Kendall ("Kendall"), a police officer with the Lemoore Police Department. Kendall, the City of Lemoore, and the Lemoore Police Department filed an opposition on May 1, 2015.

On May 6, 2015, the Magistrate Judge rendered his Order granting Plaintiffs' motion to compel and issuing sanctions against defense counsel. (Doc. 51).

On May 20, 2015, the City of Lemoore and Lemoore Police Department filed their respective requests for reconsideration of the Magistrate Judge's Order. (Docs. 56 & 58). Plaintiffs timely filed an opposition to the request for reconsideration on May 22, 2015 (Doc. 61).

The matter is ripe for review.

## II.    LEGAL STANDARD

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt,* 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C.Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds,* 828 F.2d 514 (9th Cir. 1987).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist. .,* 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.,* 820 F.Supp. 834, 856 (D.N.J. 1992)).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco,* 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed.R.Civ.P. 72(a)).

The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623 (1993). A district court may find a magistrate judge's factual findings "clearly erroneous" when the court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters,* 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca,* 219 F.R.D. 485, 489 (C.D.Cal. 2003). The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.,* 975 F.2d 81, 91 (3rd Cir. 1992); *Green,* 219 F.R.D. at 489; *see also Osband v. Woodford,* 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.,* 254 F.R.D. 553, 556 (D.Minn. 2008); *Rathgaber v. Town of Oyster Bay,* 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France,* 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace,* 570 F.Supp. 202, 205 (N.D.Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a *de novo* determination...." *Merritt v. International Bro. of Boilermakers,* 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes,* 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.,* 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.,* 50 F.Supp.2d 980, 983 (S.D.Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997)). Moreover, "[m]otions for reconsideration are disfavored, however,

and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya*, 2012 WL 995757, at *1 (E.D.Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

### III.  ANALYSIS

Distilling their requests for reconsideration, the movants seek reconsideration on the basis of mere disagreement with the decision on the pretrial order relevant to the witness fees, the compelled document production and answers to certain deposition questions, and recapitulation of that which was already considered by the Magistrate Judge. Motions for reconsideration are not available to dissatisfied litigants as a vehicle for another bite at the apple in front of a different judge. Plainly, the movants disagree with the Magistrate Judge's assessment and determination that Defendant's discovery response was legally insufficient, their objections not substantially justified, and their conduct related to drafting the joint statement on the discovery dispute particularly egregious and in bad faith. But the movants presented their arguments to the Magistrate Judge and rehashing those arguments provides no basis for reconsideration. *See Miller v. Akanno*, No. 1:12-CV-01013-LJO, 2014 WL 6612041, at *2 (E.D. Cal. Nov. 20, 2014) *reconsideration denied*, No. 1:12-CV-01013-LJO-SK, 2015 WL 566304 (E.D. Cal. Jan. 16, 2015); *see also U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001) (finding that a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision) (internal quotation marks and citation omitted)).

Although a *de novo* review is not required, this Court carefully considered the relevant case law and the record before it, and finds no error. The requests for reconsideration do not otherwise raise new facts, circumstances, or change in the law which would warrant reconsideration of the Magistrate Judge's May 6, 2015 Order.

### A.  Witness Fee

First, the witness fee dispute was previously before the Magistrate Judge, and the parties present the same arguments again.

Relative to the witness fees, movants argue that California Government Code Section 68096.1 should control. The contention is incorrect. As this is a federal action, federal law controls. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995) (federal law controls over conflict law with respect to reimbursement of expert witness fees).

Under federal law, reimbursement of witness fees is governed by 28 U.S.C. § 1821, which states, in pertinent part:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section. . . .
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance. ...

Because the basis for the movants' reconsideration request is, in legal error, based on the proposed use of California law, the Court declines to reconsider the matter. Even should the Court entertain the request, there is no dispute that Plaintiffs tendered a check for $275, but that Defendants returned it. Reasoning that because Plaintiffs' counsel attempted to tender witness fees under 28 U.S.C. § 1821, but "Defendants' counsel rejected the tender under the false belief that fees should be calculated under California law," the Magistrate Judge found that any defect related to the witness fees was the fault of Defendants' counsel. Doc. 51, at 11. Counsel cannot now complain about their own legal errors, impute those errors to the Magistrate Judge, or leverage the legal error to advantage. The Court finds that the Magistrate Judge's conclusion on this issue is not clearly erroneous or contrary to law.

**B. Requests for Production**

Central to the parties' discovery dispute is whether Kendall has possession, custody, and control of the documents requested. The Magistrate Judge in the underlying order granted Plaintiffs' motion to compel, finding that the phrase "possession, custody or control" is "in the disjunctive, therefore, only one of the numerated requirements need be met." Doc. 51, at 11-12 (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (citing *Cumis Ins. Society,*

*Inc. v. South-Coast Bank*, 610 F. Supp. 193, 196 (N.D. Ind. 1985))). Considering the term "control," the Magistrate Judge correctly acknowledged that its definition includes the "legal right of the producing party to obtain documents from other sources upon demand." *Id*. On the record relevant to the discovery dispute, the Magistrate Judge found that counsel's claim that Kendall effectively lacked possession, custody, and control was merely a strategic tactic in order to withhold relevant documents in discovery. He indicated zero tolerance for such conduct, and stated that evasive manoeuvers, especially in the busy Eastern District of California, are "unnecessarily wasteful and only serve to stonewall and cause delayed responses to otherwise valid discovery requests," and cited to an analogous case. *See Zackery v. Stockton Police Dep't*, No. CIV S-05-2315 MCE DAD P, 2007 WL 1655634 (E.D. Cal. Jun. 7, 2007) (ordering individual police officers to produce responsive documents where separate subpoena directed at police department "would unnecessarily consume even more time in dealing with this relatively routine request for discovery."). The Magistrate Judge admonished Defendants' counsel "for wasting public resources playing unproductive and wasteful games before this Court." *See* Doc. 51, at 12.

The Magistrate Judge found that Plaintiffs satisfied their burden in the motion to compel. Turning to the party in opposition, the Magistrate Judge concluded that even if Kendall's access to the requested documents did not constitute "possession, custody, or control," it is undisputed that he shared counsel with the City of Lemoore and the City of Lemoore Police Department – the source of the requested documents. In other words, the Magistrate Judge concluded that, for all practical purposes, this effectively constitutes "possession, custody, or control" over the responsive documents.

This Court finds no legal error. There is no dispute that in responding to discovery requests for production of documents, a party must produce documents which are in their "possession, custody or control." Fed.R.Civ.P. 34(a). The movant argues that the Magistrate Judge erred in finding that access equates control. This he did not do. Rather, he acknowledged that actual possession, custody or control is not required, and that "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of*

*Concord,* 162 F.R.D. 603, 620 (N.D.Cal. 1995). Moreover, such documents also include documents under the control of the party's attorney. *Meeks v. Parson,* 2009 U.S. Dist. LEX IS 90283, 2009 WL 3303718 (E.D.Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.,* 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control."); *Gray v. Faulkner,* 148 F.R.D. 220, 223 (N.D.Ill. 1992). Notwithstanding a possible split in the legal authority, sufficient case law exists which is substantively consistent with the Magistrate Judge's conclusion such that the Court is not compelled to find it contrary to law or clearly erroneous.

Subsequent to the request for reconsideration, the movant filed a notice (Doc. 66) arguing that the documents requested are relevant only to claims against the former defendants and, as a result, the motion to compel is moot. Not so. The argument to revisit the relevancy finding is unpersuasive because dismissal of a certain party does not necessarily impact the underlying factual dispute. Simply put, the parties may have changed, but the factual dispute surrounding the standards controlling an officers' training and standards has not. It is on that issue that the Magistrate Judge has previously evaluated the parties' positions and ordered production. The discovery may not ultimately be admissible, but it need not be. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

**C. Sanctions**

Counsel asks this Court to reconsider the sanctions ordered by the Magistrate Judge. During the process of drafting a joint statement, then-Defense counsel deleted Plaintiffs' section on certain proposed deposition questions, then, only provided revisions in a non-editable PDF format – and late – ostensibly to frustrate Plaintiffs opportunity to ask unwelcome questions at the deposition. The Magistrate Judge found then-Defense counsel's conduct egregious and their efforts to draft the joint statement not performed in good faith. For these reasons, the Magistrate Judge concluded that counsel's conduct violated Local Rule 251 and issued sanctions in accord with his findings. This Court likewise looks on such tactics with extreme disfavor. In the absence of clear legal error, the

7

Court will not second guess the Magistrate Judge's order for sanctions, as it is not contrary to law. As sanctions stand, the Court leaves to the Magistrate Judge to review the reasonableness of the Plaintiffs' relevant fees and expenses.

### D.  Other Objections

The movant also complains about the Magistrate Judge's order compelling Kendall's answers to certain deposition questions over their objections. The Magistrate considered each of these contentions and rejected them as not being substantially justified. To the extent that counsel asks the Court to reconsider, the Court declines. That the Magistrate Judge allowed such discovery is within his discretion, and his conclusions are not legal error. Indeed, the Court is vested with broad discretion to manage discovery, *Hunt v. County of Orange,* 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions,* 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir. 2002), and "where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and the objection lacks merit, the Court may elect to exercise its discretion to reach the merits of the dispute, the moving party's initial burden notwithstanding." *Cooper v. Sely,* No. 1:11-CV-00544-AWI, 2013 WL 146428, at *2 (E.D. Cal. Jan. 14, 2013); *see, e.g., Marti v. Baires,* No. 1:08-cv-00653-AWI-SKO PC, 2012 WL 2029720, at *3 (E.D.Cal. Jun.5, 2012); *Williams v. Adams,* No. 1:05-cv-00124-AWI-SMS PC, 2009 WL 1220311, at *1 (E.D.Cal. May 4, 2009).

## IV.    CONCLUSION AND ORDER

In sum, Plaintiff has not shown clear error or other meritorious grounds for relief. Distilled, the movants' requests for reconsideration are mere disagreement with the Magistrate Judge's order issuing sanctions and granting Plaintiff's motion to compel. For the foregoing reasons, **IT IS HEREBY ORDERED** that the requests for reconsideration (Doc. 56 & 58) are **DENIED**.
IT IS SO ORDERED.

Dated:   **June 22, 2015**                     ____*/s/ Lawrence J. O'Neill*____
                                                        UNITED STATES DISTRICT JUDGE