# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF STEPHEN E. CRAWLEY, et al., <br><br>   Plaintiffs, <br><br>   v. <br><br>KINGS COUNTY, et al., <br><br>   Defendants. | Case No.  1:13-cv-02042-LJO-SAB <br><br> ORDER RE COSTS AND ATTORNEYS' FEES ASSOCIATED WITH PLAINTIFFS' MOTION TO COMPEL |

On May 6, 2015, the Court granted Plaintiffs' motion to compel and awarded attorney's fees in favor of Plaintiffs and against third party witness Officer Michael Kendall ("Officer Kendall").  (ECF No. 51.)  Plaintiffs filed a declaration setting forth the amount of attorney's fees on May 20, 2015.  (ECF No. 55.)  Third party witness Officer Kendall filed an opposition to Plaintiffs' declaration on May 27, 2015.  (ECF No. 63.)

For the reasons set forth below, the Court awards Plaintiffs $7,630.68 in costs, including attorneys' fees, associated with bringing the motion to compel.

## I.

## BACKGROUND

The operative complaint in this action is the Second Amended Complaint filed on July 17, 2014.  (ECF No. 30.)  Plaintiffs' claims arise from an incident which occurred on November

1

17, 2012 when Stephen E. Crawley ("Stephen") was fatally shot by law enforcement officers. The Second Amended Complaint names Kings County, Kings County Sheriff's Department, Shawn McRae, and Marius Barsteceanu as defendants ("Defendants").  Plaintiff Norma Crawley ("Norma") is the surviving mother of Stephen E. Crawley.  Plaintiff Johnny Crawley ("Johnny") is the surviving brother of Stephen E. Crawley.  Defendant Shawn McRae was a sergeant and Defendant Marius Barsteceanu was a senior deputy for the King's County Sheriff's Department.

On or around October 13, 2014, Plaintiffs served a subpoena and document production request on third party witness Officer Michael Kendall, an officer with the Lemoore Police Department.  An amended deposition notice was sent on or around November 16, 2014 due to scheduling issues between the parties.  A dispute arose between Plaintiffs and Officer Kendall concerning questions which Officer Kendall was instructed not to answer during his deposition and Officer Kendall's failure to produce documents responsive to the subpoena.

Plaintiffs filed a motion to compel on April 8, 2015.  (ECF No. 37.)  The Court granted the motion to compel on May 6, 2015.  (ECF No. 51.)  The Court awarded sanctions against Officer Kendall pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).  The Court also sanctioned Officer Kendall and his attorneys for violating Local Rule 251 by failing to collaborate in the preparation of a Joint Statement re Discovery Disagreement in good faith.  The Court ordered Officer Kendall and his attorneys to pay Plaintiffs' costs, including attorneys' fees, of bringing the motion to compel.

Plaintiffs submitted evidence of their costs on May 20, 2015.  Plaintiffs request a total of $11,859.68 in costs associated with the motion to compel.  Plaintiffs request reimbursement for attorneys' fees at a rate of $400.00 per hour for 25.1 hours of attorney work performed from April 2, 2015 through May 6, 2015.  Plaintiffs' attorney, William L. Schmidt, states he spent 12.1 hours preparing the motion to compel and draft Joint Statement re Discovery Disagreement, 4.7 hours drafting a declaration explaining the inability to collaborate with Officer Kendall's counsel on a Joint Statement re Discovery Disagreement, 0.1 hours on correspondences, 2.2 hours reviewing Officer Kendall's opposition to Mr. Schmidt's declaration, 2 hours preparing for the motion to compel hearing, 2 hours traveling to and attending the hearing, and 2 hours

preparing the May 20, 2015 declaration regarding costs. Plaintiffs also seek reimbursement of $49.60 in copy expenses associated with the motion to compel.

Plaintiffs also seek 2.4 hours of attorney time preparing a subpoena to be served on the Lemoore Police Department and the City of Lemoore, a notice of deposition, a proposed stipulation and protective order, and a correspondence. Plaintiffs claim an additional $90.08 in service fees after Officer Kendall's counsel refused to accept service on behalf of the Lemoore Police Department and insisted that Plaintiffs personally serve the subpoena. Plaintiffs anticipate an additional 2 hours of attorney time in the event that Officer Kendall opposes this evidence and a reply or attendance at a hearing is required.

## II.

## LEGAL STANDARDS FOR ATTORNEY FEE SANCTIONS

"When the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees." Matter of Yagman, 796 F.2d 1165, 1184-85 (9th Cir. 1986). "The measure to be used 'is not actual expenses and fees but those the court determines to be reasonable.'" Id. at 1185 (quoting William W Schwarzer, Sanctions Under the New Federal Rule 11-A Closer Look, 104 F.R.D. 181, 182 (1985)).

Courts generally calculate awards for attorneys' fees using the "lodestar" method. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008). The "lodestar" is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. Id.

## III.

## DISCUSSION

### A. The Number of Hours Reasonably Expended

The Court begins its analysis of Plaintiffs' claimed fees by determining the number of hours reasonably expended on work related to Plaintiffs' motion to compel. "A district court, using the lodestar method to determine the amount of attorney's fees to award, must determine a reasonable number of hours for which the prevailing party should be compensated. Gonzalez v.

3

1  City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). "Ultimately, a 'reasonable' number of
2  hours equals '[t]he number of hours ... [which] could reasonably have been billed to a private
3  client.'" Id. (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)).

4        1.       Plaintiffs' Hours Worked on the Motion to Compel

5        Officer Kendall argues that the hours Plaintiffs claimed working on the motion to compel
6  was excessive. Officer Kendall cites several other cases were less time was spent on preparing a
7  motion to compel and argues that the issues presented in this case were not complex or novel.

8        As an initial matter, the Court notes that Officer Kendall's opposition brief argues that
9  25.1 hours of billable time was unreasonable for Plaintiffs' motion to compel. However, 25.1
10 hours also encompasses time Plaintiffs' attorney spent on other tasks such as responding to
11 Officer Kendall's opposition, preparing for the hearing, attending the hearing, and drafting the
12 fees declaration. Most significantly, it included tasks that would not have been necessary had
13 Officer Kendall's attorneys acted reasonably and in good faith on the discovery issue, such as
14 time spent working at the eleventh hour preparing the declaration explaining why the parties
15 could not agree to a Joint Statement. Accordingly, the Court finds that Officer Kendall and his
16 attorneys are responsible for the hours being higher than one might expect to see in a routine
17 motion to compel.

18       Plaintiffs' time sheets show that he spent approximately 12.1 hours drafting the motion to
19 compel. Officer Kendall cites a number of cases suggesting that this figure is out of the
20 ordinary, but the cases cited are not comparable to the circumstances of this case. Sims v.
21 Cabrera, No. 1:12-cv-01904-LJO-SKO (PC), 2015 WL 1932299 (E.D. Cal. Apr. 28, 2015),
22 involved a pro se prisoner plaintiff who refused to answer questions at his deposition without
23 making any substantial justification. Accordingly, the 3.5 hours of attorney work related to the
24 motion to compel must be considered in light of the fact that the motion to compel was largely
25 unopposed. Similarly, Cordeiro v. Sysco Food Services of Sacramento, Inc., No. 2:10-cv-00588
26 KJN, 2010 WL 5233009 (E.D. Cal. Dec. 16, 2010), involved an unopposed motion to compel
27 which arose from a complete failure to serve initial disclosures and respond to discovery
28 requests. Smith v. Stovall, No. 2:08-cv-2492-LKK-JFM (PC), 2010 WL 3749216 (E.D. Cal.

1  Sept. 23, 2010), involved a pro se prisoner plaintiff who refused to attend his own deposition
2  without any substantial justification.  In <u>Wordtech Systems, Inc. v. Integrated Network
3  Solutions, Inc.</u>, No. CIV S-04-1971 MCE EFB, 2009 WL 3823965 (E.D. Cal. Nov. 13, 2009),
4  also involved a complete failure to respond to discovery, rather than any disputed legal issues
5  pertaining to privilege, meeting and conferring in good faith, custody issues, or the calculation of
6  the witness fee.  Finally, <u>Securities and Exchange Commission v. Sells</u>, No. 11-cv-04941 CW
7  (NC), 2013 WL 5442393 (N.D. Cal. Sept. 30, 2013), involved a motion to compel concerning a
8  discovery dispute that had already been raised by the parties in an earlier motion to compel, thus
9  necessitating less work.  It is also worth noting that the 13.75 hours of work is comparable to the
10 12.1 hours of work spent by Plaintiffs drafting their motion to compel.  Much of the additional
11 time beyond 12.1 hours arose from Officer Kendall's failure to meet and confer in good faith,
12 necessitating extra work on Plaintiffs' part.

13      Inclusive of the 25.1 hours worked on the motion to compel were 4.7 hours spent
14 working on the declaration filed on April 29, 2015 explaining the inability to file a Joint
15 Statement re Discovery Disagreement.  Officer Kendall argues that Mr. Schmidt's hours appear
16 to be overstated based upon misrepresentations in the same April 29 declaration filed with the
17 Court.  While there appears to be some errata in the April 29 declaration, it appears to be a
18 typographical error rather than an intentional misrepresentation on Mr. Schmidt's part to inflate
19 his billable hours.

20      In his April 29 declaration, Mr. Schmidt made the following statement regarding what
21 occurred on that same day regarding the Joint Statement:

> On or about April 29, 2015, at 1:12 p.m., Mr. Santos sent an email which I received at 3:45 p.m. due to a Superior Court appearance. Mr. Santos email enclosed pdf copies of the joint statement and a declaration from Mr. Santos. This version of the Joint Statement removed the entire section pertaining to Plaintiff's complaints regarding the deposition questions Mr. Santos instructed Officer Kendall not to answer. At or about 3:37 p.m., I instructed my law clerk, Aaron Aguirre, to request an electronic copy of the Joint Statement, which could be edited, from Mr. Santos. At 4:30 p.m. Mr. Santos refused to supply the requested document and instead demanded to be provided any requested changes. Attached hereto as Exhibit 24 are true and correct copies of Mr. Santos' email dated April 29, 2015, at 1:12 p.m., Mr. Aguirre's email of the same

     date at 3:32 p.m., and Mr. Santos' email of the same date at 4:32 p.m.

(Decl. of William L. Schmidt in Supp. of Mot. to Compel, at ¶ 23, ECF No. 41.)

  Officer Kendall argues that Mr. Schmidt lied about the time he received the e-mail from Mr. Santos in order to inflate his billable hours. Officer Kendall notes that Mr. Schmidt claimed that he did not receive the e-mail until 3:45, yet his billing records indicate that he started working on the declaration prepared in response to the email at 3:06 p.m. The billing records also indicate that he reviewed the e-mail from Mr. Santos from 3:00 p.m. to 3:06 p.m.

  However, the Court also notes that the April 29 declaration is internally inconsistent. In the declaration, Mr. Schmidt states that he received the e-mail from Mr. Santos at 3:45 p.m., but also states that he instructed his paralegal to contact Mr. Santos in response to the same e-mail at 3:37 p.m. It also states that his paralegal sent that e-mail at 3:32 p.m. This sequence of events does not make any sense unless Mr. Schmidt was traveling backwards in time.[1] Thus, the portion of the declaration stating that Mr. Schmidt received the e-mail at 3:45 appears to be a typographical error. There appears to be no fraudulent intent on Mr. Schmidt's part, since the internal inconsistency is rather obvious and on April 29 there would have been little reason for Mr. Schmidt to lie about when he received the e-mail from Mr. Santos since the Court had not awarded attorney's fees to Mr. Schmidt yet.

  Nonetheless, the Court finds the time records pertaining to Mr. Schmidt's work on the April 29 declaration to be unreliable, and therefore will not include those hours in the final fee award. The Court notes that the time sheets indicate that Mr. Schmidt received Mr. Santos' e-mail at 3:00 p.m., yet the earliest time referenced in the April 29 declaration was 3:32 p.m. The Court will deduct the 4.8 hours associated with the work on the April 29 declaration from the final fee award.

  Officer Kendall further argues that Plaintiffs acted in bad faith by working on his declaration regarding the failure to obtain a joint statement before he had conferred with Officer Kendall's attorneys regarding the issue and identified specific objection and change to the Joint

---

[1] The actual e-mail from Mr. Aguirre to Mr. Santos indicates that it was sent at 3:37 p.m., not 3:32 p.m.

1  Statement. Officer Kendall argues that any time spent preparing the declaration prior to
2  communicating with Officer Kendall's attorneys should be deemed unreasonable. The Court
3  rejects this argument. Officer Kendall's attorneys showed little regard for the meet and confer
4  process by sharing their version of the joint statement with Plaintiffs' attorneys after 1:00 p.m.
5  on the day that the joint statement was due. By providing Plaintiffs with the revisions at the last
6  minute, Officer Kendall's attorneys deprived Plaintiffs of a reasonable opportunity to identify
7  any objections to those revisions and meet and confer about them. Accordingly, Plaintiffs did
8  not act unreasonably by preparing their declaration regarding the meet and confer process at
9  approximately 3:00 p.m.

10  Based upon the foregoing, the Court will award attorneys' fees for 20.3 hours spent
11  working on matters related to the motion to compel.

12      2.    <u>Plaintiffs' Hours Worked on the Lemoore Police Department Subpoena</u>

13  Officer Kendall objects to the hours Plaintiffs worked to prepare and serve a subpoena on
14  the Lemoore Police Department. Plaintiffs request reimbursement of 2.4 hours drafting and
15  serving a subpoena on the Lemoore Police Department on April 29, 2015. Officer Kendall
16  argues that Plaintiffs prepared and served this subpoena before the Court ruled on the motion to
17  compel.

18  This issue was already addressed by the Court in its order on the motion to compel.
19  Officer Kendall claimed that the documents requested by Plaintiffs were not in his possession but
20  were in the possession of his employer, the Lemoore Police Department. In granting the motion
21  to compel, the Court found that Officer Kendall's claim of lack of possession, custody, and
22  control of the documents requested was disingenuous and unproductive. The Court noted that
23  Officer Kendall made no effort to explain or prove that police department documents were
24  outside his control—particularly police reports written by Officer Kendall himself. The Court
25  further admonished Officer Kendall's attorneys for wasting public resources by playing a cat-
26  and-mouse game solely for the purpose of delaying these proceedings and forcing Plaintiffs to
27  expend unnecessary resources preparing and serving additional subpoenas when Officer Kendall
28  failed to cite a single statute, regulation, or departmental policy that prevented Officer Kendall

from retrieving the documents requested on his own or through his attorneys, who also represent the Lemoore Police Department.

Common sense and the Court's own experience shows that Officer Kendall and his attorneys have control over the police records at issue. In this situation, Officer Kendall is represented by the same attorneys who represent the Lemoore Police Department—a common situation in litigation against municipalities or other governmental entities. The Court has no doubt that if Officer Kendall or any other individual from the Lemoore Police Department were involved in litigation with an outside third party and sought records favorable to their case from Lemoore Police Department, there would be no fuss—they could obtain those records directly from Lemoore Police Department without a subpoena or other formal process when they are represented by the same attorney and there is no conflict of interest between them. The Court is not accepting this argument.

Officer Kendall argues that he should not pay these costs because by the time the Court issued its order, Plaintiffs already prepared and served the subpoenas on the Lemoore Police Department. However, it remains true that Plaintiffs undertook the unnecessary and wasteful time to prepare the subpoena due to Officer Kendall's litigation tactics. Accordingly, the Court's analysis and conclusions remain unchanged. The need for the subpoena could have been avoided had Officer Kendall and his attorneys met and conferred in good faith instead of wasting everybody's time, including the Court's, delaying and stonewalling. Accordingly, the Court will order Officer Kendall to pay the costs, including attorneys' fees, associated with the preparation and service of the subpoena on the Lemoore Police Department.

3. Officer Kendall's Remaining Arguments

Officer Kendall argues that Plaintiff's time records are impermissibly vague. The Court disagrees. The time records submitted by Plaintiffs provide the following breakdown of work performed associated with the motion to compel. The descriptions for the tasks are sufficient for the Court to conclude that they arose as a result of the discovery disagreement and motion to compel.

Officer Kendall also argues that Plaintiffs' requested attorneys' fees should be reduced by

fifty percent because Plaintiffs refused to accept Officer Kendall's offered discovery materials, citing Hill v. Eddie Bauer, 242 F.R.D. 556 (C.D. Cal. 2007). Hill is not on point. In Hill, the Court granted the motion to compel in part and denied the motion to compel in part, finding merit in the responding party's objection that the discovery requests were "unduly burdensome," and ordered the responding party to produce a sampling of documents requested, which the responding party had offered to do prior to the adjudication of the motion to compel. In contrast, in this case, the Court rejected all of Officer Kendall's arguments and there was no issue of partial or sample production of documents.

Moreover, although Officer Kendall claims that he offered to produce the requested discovery voluntarily, the truth of the matter is that Officer Kendall and his attorneys never made an **unqualified** offer to produce the discovery materials requested by Plaintiffs. The record shows that Officer Kendall offered to produce the documents requested and attend a subsequent deposition if and only if Plaintiffs paid the incorrect witness fee demanded by Officer Kendall ($275). As discussed in the Court's order granting the motion to compel, Officer Kendall improperly demanded a witness fee calculated under California state law, rather than federal law. Officer Kendall also offered to produce discovery documents and attend a subsequent deposition if Plaintiffs agreed to waive all potential claims against Officer Kendall and the Lemoore Police Department. As discussed in the Court's order granting the motion to compel, Officer Kendall's obligation to respond to discovery requests is not contingent upon Plaintiffs' waiver of any claims against him. Since Officer Kendall and his attorneys never made an **unqualified** offer to produce the discovery requested, the Court finds no cause to reduce the attorneys' fees claimed by Plaintiffs.

Officer Kendall also argues that "a reasonable inference" could be drawn that Mr. Schmidt's law clerk did work on the motion to compel since the law clerk was prepared to argue at the hearing on Plaintiffs' behalf and Officer Kendall did not request any fees for any law clerk time. The Court disagrees. Without additional evidence, the Court will not presume that Mr. Schmidt committed the serious offense of lying on his time sheets when a reasonable explanation could be that Mr. Schmidt omitted the law clerk's time, which could be because the law clerk

1 was not required to track his time, or because it was not worth accounting for his time.

2 Finally, the Court notes that Plaintiffs estimated that they would spend an additional 2 hours on a reply to Officer Kendall's opposition and attendance at the hearing. Since no reply was filed and no hearing was scheduled, the Court will omit these two hours from the total hours worked.

In sum, the Court will order that Officer Kendall reimburse Plaintiffs for 22.7 hours of attorney time spent on the motion to compel and associated tasks.

### B. The Reasonable Hourly Rate

The Court next addresses whether Plaintiffs' claimed hourly rate of $400.00 per hour is reasonable. Officer Kendall argues that the claimed rate is unreasonable because Mr. Schmidt based this rate upon rates awarded in a case from the Central District. The Court agrees. "Generally, when determining a reasonably hourly rate, the relevant community is the forum in which the district court sits." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008) (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)). Accordingly, the appropriate rate must be determined by the prevailing market rate within the Eastern District of California, not the Central District.

Plaintiffs' attorney, William L. Schmidt, has been practicing law for approximately 15 years in the civil rights realm. The hourly rates awarded in recent cases within this district for attorneys with 10-20 years of experience ranges from $285 to $375. See Silvester v. Harris, No. 1:11-cv-2137 AWI SAB, 2014 WL 7239371, at *5-7 (E.D. Cal. Dec. 17, 2014) ($375/hr for attorneys with 18 and 20 years of experience, $350/hr for attorney with 11 years of experience, $285 for attorney with 10 years of experience); Willis v. City of Fresno, No. 1:09-cv-01766-BAM, 2014 WL 3563310, at *12-14 (E.D. Cal. Jul. 17, 2014) ($300/hr for attorney with 19 years experience); Miller v. Schmitz, No. 1:12-cv-00137-LJO-SAB, 2014 WL 642729 at *3 (E.D. Cal. Feb. 18, 2014) ($350/hr for attorney with 20 years experience). Taking the average of this range, the Court will reimburse Mr. Schmidt for his time at a rate of $330.00 per hour.

### C. Plaintiffs' Remaining Expenses

Plaintiffs request reimbursement of $139.68 in costs, including $49.60 in copy expenses

and $90.08 associated with the service of the subpoena on the Lemoore Police Department. The Court already addressed Officer Kendall's objections to the costs associated with the subpoena and Officer Kendall has raised no other objections to these costs. The Court finds these claimed costs reasonable.

## IV.
## CONCLUSION AND ORDER

Based upon the foregoing, the Court will award Plaintiffs' attorneys' fees for 22.7 hours of attorney time at a rate of $330 per hour, for a total of $7,491.00  The Court will award Plaintiffs' additional costs in the amount of $139.68.

Based upon the foregoing, it is HEREBY ORDERED that Officer Michael Kendall and his attorneys shall reimburse Mr. Schmidt in the amount of $7,630.68 for costs and expenses, including attorneys' fees, associated with bringing the motion to compel.

IT IS SO ORDERED.

Dated:   **July 24, 2015**

UNITED STATES MAGISTRATE JUDGE